ARCHIE MALCOLM, APPELLANT, v. CITY OF LEXINGTON, APPELLEE.

FILED JUNE 5, 1915. No. 18146.

Officers: SPECIAL SERVICES: COMPENSATION: SUFFICIENCY OF EVIDENCE. The verdict of the jury is not so clearly unsupported by the evidence as to require a reversal.

APPEAL from the district court for Dawson county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Rhea & Hanlen,* for appellant.

*John H. Linderman, E. A. Cook* and *T. M. Hewitt,* contra.

SEDGWICK, J.

This plaintiff was marshal, street commissioner, and a member of the board of health of the city of Lexington, in Dawson county. During a smallpox epidemic in that city, the plaintiff was employed as such officer to "look after the smallpox cases and the epidemic that was then pre-

vailing in the city,  \*  \*  \*  to go from house to house from two to three times a day in the performance of those duties, and take charge of patients who refused to obey the quarantine laws, and put them in the pesthouse, and to give any special treatment in order to keep the disease from spreading, and to carry food and clothing night and day." He brought this action against the city, and in his petition in the district court for Dawson county he alleged that he was "required to use his horse and buggy both day and night to feed, look after, and stamp out the dreadful disease for a period of time from the 24th day of December, 1910, to April 18, 1911, in all 111 days, at the rate of $2 per day; that said charge is reasonable charge for such work for use of horse and buggy and extra work at night; and that no part of the same has been paid, save and except the sum of $60, which leaves a balance due and owing this plaintiff for said services in the sum of $162." There was a verdict and judgment in his favor for $1, from which he has appealed to this court.

He has not prepared his brief in compliance with the rules of this court, but the record is short, and we have observed that he contends that the uncontradicted evidence proves that he is entitled to a larger verdict. It seems to be conceded that he was paid his salary regularly as marshal and street commissioner, and the court instructed the jury that as *ex officio* member of the board of health his salary must be considered as full compensation for all services rendered by him. This instruction does not appear to be complained of, but he insists that he was not bound to furnish a horse and buggy, and that he should recover the reasonable value of that service. The court submitted to the jury the question whether "it was necessary for plaintiff to use a horse and buggy," and, if they found it was necessary, "then I charge you that he is entitled to recover such sum as you find from the evidence the use of such horse and buggy was reasonably worth, provided the same has not already been paid for." As the jury found in favor of plaintiff, they must have found that it was necessary to use a horse and buggy, and that it had

"already been paid for," except the $1 which they found in plaintiff's favor. If there is evidence justifying the finding that the use of the horse and buggy has been paid for by the city, the verdict is sustained. It appears from the stipulation of the parties that the plaintiff filed claims from time to time for his salary, and as he included in those claims only two items for "extra work taking care of smallpox cases," amounting to $60, the jury could not have allowed plaintiff more than $61 for the use of the horse and buggy. As they have found that such use was necessary, and in such case, under the instructions of the court, the plaintiff was entitled to the reasonable value of such services, the question is whether this evidence shows that the plaintiff necessarily used the horse and buggy more than the jury has allowed him for. The evidence of the plaintiff is not very definite as to the number of days which he necessarily used the horse and buggy. "Q. Did you furnish a horse and buggy in your employment in looking after the smallpox cases of this city in the month of December, up to and including April 18, 1911? A. I did." This is all of the evidence that we have observed in the record as to the use which the plaintiff made of his horse and buggy, and the jury may have construed this to mean that he was principally engaged in looking after smallpox cases for the time mentioned, and that during that time he made some occasional use of the horse and buggy. The plaintiff seems to contend that the $60 included in his claim allowed was for livery hire or some other matters of expense incurred by him. Such contention is not consistent with his pleadings. His petition purports to set out his extra services and expenses incurred on account of the epidemic, and does not acknowledge payment of anything thereon. He will be presumed to have alleged his entire claim, and any payment received thereon must reduce his recovery. We cannot say that the evidence is so clear and positive on this point as to require a reversal.

The judgment of the district court is

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.